UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TRENT DOUGLAS HOLE ) | CASE NO. 17-32875(1)(7) |
| ) | |
| Debtor(s) ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Extension of Time to File Adversary Proceeding filed by Creditors Edwin Koressel and Agape Cremation & Funeral Center, LLC ("Creditors") seeking an extension of time to file an adversary proceeding. The Court reviewed the Creditors' Motion, the Objection to the Creditors' Motion filed by Debtor Trent Douglas Hole ("Debtor"), the Reply to the Objection filed by the Creditors and the arguments of counsel at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Creditors' Motion to Extend Time to File Adversary Proceeding.

## LEGAL ANALYSIS

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure governs the time within which a complaint pursuant to 11 U.S.C. § 523(c) must be filed. The Rule provides that, ". . . a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." The Rule further provides, "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." In this case, the Debtor's Meeting of Creditors was held on October 10, 2017 and the deadline for filing the

adversary proceeding was December 11, 2017. The Creditors filed their Motion for Extension of Time on December 12, 2017, one day beyond the deadline provided for in Fed. R. Bankr. P. 4007(c).

Both parties rely on the Sixth Circuit case, *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir. 2003). In that case, the Sixth Circuit held that Bankruptcy Courts may utilize their equitable power under 11 U.S.C. § 105(a) to equitably toll deadlines under extraordinary circumstances.

Under Fed. R. Bankr. P. 9006, courts may enlarge the time for taking action under Rule 4007, "only to the extent and under the conditions stated" in Rule 4007. Fed. R. Bankr. P. 9006(b)(3). The Rules, however, must be read in conjunction with the general powers given to bankruptcy courts under 11 U.S.C. § 105(a). The *Maughan* Court went on to hold that the timeliness requirements of Rule 4007(c) are not jurisdictional and that the Rule is simply a deadline that is subject to the defenses of waiver, estoppel and equitable tolling.

In its initial Motion, the Creditors claimed excusable neglect for filing the Motion for Extension of Time one day late due to problems encountered in using the Bankruptcy Court's Electronic Filing System. In their Reply Brief, however, the Creditors abandoned the excusable neglect argument and relied on equitable tolling under *Maughan*. In *Maughan*, the Court required consideration of five factors in determining whether equitable tolling applies. These factors are: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the notice requirement. Here, the Creditors do not claim lack of notice or knowledge of the filing deadline. Thus, as in *Maughan*, the Court must focus on the diligence used by the Creditors in pursuing their rights and whether there

was any resulting prejudice to the Defendant. *Id.*, citing *First Bank System v. Begue (In re Begue)*, 176 B.R. 801, 804 (Bankr. N.D. Ohio 1995). *See also*, *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The Creditors contend in their Reply Brief that critical bank records of the Debtor, which the Debtor had failed to produce in the state court litigation between the parties, were not turned over to the Creditors and the Chapter 7 Trustee until December 7, 2017, only four days before the filing deadline. A review of the Debtor's bankruptcy file shows the Creditors herein have acted with diligence in pursuing their claims. They actively pursued discovery of information in support of those claims. The Debtor did not claim any prejudice by the late filing and the Court finds no prejudice to the Debtor by allowing the filing, which was only a day beyond the deadline. Considering the efforts Creditors have taken to pursue their claims and lack of prejudice to Debtor by allowing the filing, the Court determines that the deadline should be equitably tolled under the circumstances.

Counsel for the Creditors outlined the difficulties he encountered in attempting to file the Complaint and the Motion for Extension of Time through the Electronic Filing System of the Bankruptcy Court. This alone, however, would not be sufficient reason to allow the late filing. *See*, *In re Hannen*, 383 B.R. 683 (Bankr. N.D. Ohio 2008). However, considering the matters outlined and raised in Creditors' Reply Brief regarding Debtor's failure to produce necessary documents timely, the Court finds under its equitable authority under 11 U.S.C. § 105(a) that it is appropriate to grant the Motion for Extension of Time to allow the filing of the Creditors' adversary proceeding. The Court finds no prejudice to the Debtor by considering the arguments raised in the Creditors' Reply Brief, as these issues were addressed by the Debtor in his Objection to the Creditors' Motion for Extension of Time. To the extent the Debtor disagrees with the Creditors' recitation of the facts

or the importance of the facts and documents requested and eventually produced, Debtor will have the opportunity to present their side of the case within the adversary proceeding.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Creditors' Motion for Extension of Time to File Adversary Proceeding.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
TRENT DOUGLAS HOLE ) CASE NO. 17-32875(1)(7)
)
Debtor(s) )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Extension of Time to File Adversary Proceeding filed by Creditor Edwin Koressel and Agape Cremation & Funeral Center, LLC, be and hereby is, **GRANTED**. The Complaint attached to Creditors' Motion for Extension of Time to File Adversary Proceeding is deemed filed as of the date of this Order. The Debtor shall respond and/or otherwise answer the Complaint within thirty days of the date of this Order.